Judge Underwood
delivered the opinion of <he Court.
In 1806, Davis executed to Noaks an obligation, in the penalty of two hundred pounds, with the following condition: “that the above bound John Davis, has this day sold unto the said George Noaks,'two hundred acres of land, in Lincoln county, an(j the said Davis binds himself, his heirs, &c. to make to the said Noaks, a general warranty deed, for said two hundred acres of land ¡'provided he, the 8aj(j Davis, shall obtain the legal title, and in case he, the said Davis, should not obtain a legal title t© said land, he is to return to said Noaks, the sum he shall receive with lawful interest, from the time he *495 receives it, and the said Du vis binds himself to make said deed, whenever said Noaks pays for said land;” these things observed and performed, the to be void.
No?ks a se"' eral warranty deed for said Davis,shall obtain the , ho should not obtain legal title ta sai(k jg”„r’n to'said Noaks the sum he shall reoeive'' lvlttl lawful interest from time he shall re-^j^o'a’vi^ binds himself to make said deed whenevr payP rorsaid land.”
bound to obtain legal title within raasonable timei or reax'JVar-' marte^y*60 * Noaks.
Noaks, in 1828, instituted an action of covenant against Davis, upon the obligation. After setting it out substantially in the declaration, he proceeded and averred in substance, that soon after the date of the obligation, he paid to Davis, in part for the land, forty three pounds, in property; that he had always been ready and willing to pay the balance of the price for the land, to wit: fifty-five pounds in property, of which the defendant had notice: that Divis had never made the deed; that he had never obtained the legal title to the land, although due, and reasonable hath been afforded him for that -- —1 time purpose; and that he had not, since the date of the obligation, any title whatever to the land. The declaration then contains this averment, “-that the defendant hath not returned or repaid either the sum or the property, paid to him as aforesaid, being forty three pounds, with interest thereon, as provided in said covenant, nor any part thereof, but the same is now due and owing;” and concludes by saying, “wherefore, the said defendant, his covenant aforesaid hath not kept and performed, but the same is broken in manner aforesaid to the damage of the plaintiff $500, and therefore, he sues, &c.”
The defendant filed a demurrer, and two pleas, marked secondly and thirdly, to the To both pleas the plaintiff demurred. The court overruled the defendant’s demurrer, and sustained the plaintiff’s. No other plea having been filed, a writ of inquiry was awarded, and verdict and judgment for the plaintiff were obtained, to reverse which Davis, now plaintiff in error, prosecutes a writ of error, with supersedeas.
The first question for consideration, grows out of the declaration. Is it good? We think it is. The averrment, that Noaks had always been 'ready and willing to pay the balance due, was clearly insufficient to authorize a recovery for the failure to convey the land, if by it the plaintiff designed to lay the founda *496 tion for a recovery, by alleging a failure to conveys asa distinct breach of the covenant, his object cannot be accomplished. If by the terms of the covenant the payment of the balance of the price, and executing the conveyance, were mutual conditions to be performed simultaneously, Noaks could, by not averring a readiness and willingness on his part, to pay, thereby maintain an action against Davis, for failing l.o convey, Pollard vs. M‘Clain, III. Mar. 26. Much less, will such an averrrrient sustain the action, when by the te.'.nsof the covenant the payment in full for the land is made expressly a precedent condition to be performed by the purchaser, before he has a right to insist on the conveyance. Such is the case before us. Nothing short of payment in full, or an offer to pay, and refusal could give Noaks a right to complain of Davis’s failure to convey, provided he had title. But if it be true, as is averred in the declaration, that Davis had no title, and that a reasonable time had been afforded him to obtain it, and he had not got it, then it wa« his duty to return what he had received, with interest. For his failure to do this, the action may he supported against him, and it is the averment of such failure, which constitutes the breach upon which the action can be sustained, and the recovery-tolerated. We regard the averment of Noaks’s readiness and willingness to pay the balance as mere sur-plusage, and we look upon the allegation that Davis did not make the deed in the same light.
ÍÍIn same contract, there be multitude of covenants or stipulations, action of covenant will lie for breach of any one of them, without noticing others in declaration.
It is sufficient to assign breach in non-performance of act, stipulated to be done in the condition, without noticing or a-vprring nonpayment of the penalty.
*496 t If has been urged in argument, that the declaration is defective, in not averring the non-payment of the penalty. There is nothing in the objection. This is an action of covenant, not debt. The stipulations in the condition are covenants. It is well settled, that if in the same contract, there be a multitude of covenants or stipulations, an action of covenant-may be sustained for a breach of any one of them* without noticing the others in the declaration.
That it is sufficient to assign the bregeh in the nonperformance of the act stipulated to be done in the condition, without noticing the penaltyes abundantly established by the cases of Beasly vs. Gillaspie, IV. Bibb, 314; and Kennedy vs. Kennedy, II. Bibb, 465. *497 There being at least one good breach, the demurrer to the declaration was correctly overruled.
Plea of accord and satisfaction, must shew that thing received by pl’tff in satisfaction, was of some value*
The next question turns on the validity of the pleas. If we are right in the view we have taken of the declaration, and that its allegations would authorize the recovery of the amount paid by Noaks to Davis with interest thereon, and r.o more, we cannot be wrong in pronouncing the defendant’* second plea a good bar to the action, for it denies in language not to be misunderstood, “that Noaks paid Davis or offer; ed to pay him the consideration, for the covenant sued on, or any part thereof,” This certainly means, that Davis never received the forty three pounds in property, alleged to have been paid, or any thing else. If this be true, the whole cause of action is subverted, and Noaks was not entitled to recover. The court erred in sustaining the demurrer to the second plea.
The third plea was clearly bad. Its design was to set up an Accord and Satisfaction, but it fails to shew that the plaintiff received any thing of value. The thing received as satisfaction must possess some value, otherwise it cannot be a satisfaction. Besides it is fatally defective in many other respects. - The demurrer was, therefore, properly sustained to if.
We cannot say that the court erred in refusing to instruct the jury, that they might presume, that Davis had paid Noaks for the forty three pounds, advanced, from lapse of time, because the facts detailed, upon which the instruction asked for, was designed to operate, have not been brought before us. The other instruction asked for, was also properly overruled. It was Davis’s duty, if he did not procure the title to the land in a reasonable time, to repay what he had received, with interest without waiting until it was demanded by Noaks.
For the error, in sustaining the demurrer to the second plea, the judgment is reversed, and cause remanded, for proceedings consistent with this opinion; the plaintiff below to have leave to withdraw his cR murrer, and reply de nc-vo.
Monroe, for plaintiff; E. Smith, for defendant.
The plaintiff in error must recover his costs.
■/Vote. The Chief Justice did not sit in this case. Reporte.,-